ALAN M. COHEN
*Temporary Receiver for Defendants*
*Princeton Economics International Ltd.,*
*Princeton Global Management Ltd.,*
*and their affiliates and subsidiaries*

— and —

O'MELVENY & MYERS LLP
Tancred V. Schiavoni, Esq.
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
*Counsel for the Receiver*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 99 Civ. 9667 (PKC) |
| -against- | |
| PRINCETON ECONOMICS INTERNATIONAL LTD., PRINCETON GLOBAL MANAGEMENT LTD. and MARTIN A. ARMSTRONG, | |
| Defendants. | |
| COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | 99 Civ. 9669 (PKC) |
| -against- | |
| PRINCETON ECONOMICS INTERNATIONAL LTD., PRINCETON GLOBAL MANAGEMENT LTD. and MARTIN A. ARMSTRONG, | |
| Defendants. | |

[PROPOSED] ORDER APPROVING
PLAN OF FINAL DISTRIBUTION

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/08

This matter came before the Court on the Motion for Order Approving the Plan of Final Distribution (the "*Motion*"), filed by Alan M. Cohen, as Temporary Receiver appointed pursuant to this Court's Order dated September 13, 1999, as clarified by Order dated January 6, 2000 (the "*Receiver*"), seeking approval of the Plan of Final Distribution (attached hereto as **Exhibit 1** and as it may be amended, supplemented or otherwise modified from time to time in writing, the "*Plan of Final Distribution*"), and the settlements, releases and compromises contained therein. All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan of Final Distribution.

Adequate notice of the Motion, the hearing on the Motion and the date by which all claims had to be filed (the "*Bar Date*") was given by mailing or emailing a copy of the Motion and notice of the hearing on the Motion, and by mailing to such other Persons as are listed on the Certificates of Service filed by the Receiver. Further, notice of the Motion, the hearing on the Motion and the Bar Date was made by publication in the national editions of *USA Today* and such publication notice, together with the notices described in the preceding paragraph, are adequate and reasonable under the circumstances and no other or further notice is required or need be sent.

A hearing on the Motion was held on September 29, 2008 (the "*Approval Hearing*"), to consider approval of the Plan of Final Distribution, and all interested parties were given an opportunity to be heard, present evidence and object to the Motion. Based upon the record of the Approval Hearing and of these cases, the Court having reviewed the Motion and determined that the relief requested in the Motion is in the best interests of the Receivership Entities, their estates, their creditors and other parties in interest, and after due deliberation thereon, and good and sufficient cause appearing therefore:

The Court hereby FINDS that:

A.      This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334, the Parties hereto, the administration of the Receivership Entities, and the distribution of the Receivership Property, including the assets sought to be distributed by the Receiver to the Princeton Noteholders hereby.  Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.      The notice of the Motion, the deadline to object to the Motion, and the hearing on the Motion described above constitutes due, sufficient and timely notice to all persons entitled thereto.  No other or further notice of the Motion, the hearing on the Motion, or the request for entry of this Approval Order, is or shall be required.  This Court hereby further finds that notice to an attorney for the holder of a claim constitutes notice to such holder for purposes of notice of the Motion, the Bar Date, the Approval Hearing, the Plan of Final Distribution, and the Approval Order.

C.      Pursuant to the Court's June 24, 2008 Order (Docket # 434), timely notice of the Bar Date was given by first class mail, electronic mail and publication in *USA Today* to all creditors, holders of claims, and other parties in interest, including, without limitation, Martin Armstrong, Martin Armstrong, Jr., Victoria Armstrong and Ida Armstrong.  The form and manner of notice given of the Bar Date was reasonably calculated to give all parties-in-interest actual or constructive notice of the Bar Date.

D.      The Bar Date provided for in the Plan, and as set by order of this Court dated June 24, 2008 (Docket # 434), was in the best interests of the Receivership Entities, their estates, their creditors, holders of claims and all other parties in interest.

E.    No claims or proofs of claim were filed or asserted prior to the Bar Date, except for Proskauer Rose LLP's Proof of Claim and Memorandum in Support of Martin A. Armstrong's Settlement Agreement with the Commodity Futures Trading Commission (Docket # 438), which has been withdrawn pursuant to a stipulated agreement that is subject to Court approval, and the SEC's Limited Objection (Dkt. No. 440, Case No. 99 Civ. 9667 (PKC)). Nor was any objection served or asserted to the classification of claims under the Plan.

F.    A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all parties in interest. To the extent that any person (i) either (a) received proper notice of these matters (or is represented by a person that received such notice) or (b) having had notice of these cases, elected not to request notices regarding these cases, and (ii) failed to object to the Motion and the entry of this Approval Order, then such persons hereby shall have no right to file or prosecute an appeal of this Approval Order.

G.    The Princeton Noteholders that have suffered losses as a result of the collapse of the Princeton Notes scheme have waited a significant period of time to receive a final distribution of the assets held in the Receivership, which held investor funds frozen by the entry of the Freeze and Receivership Orders.

H.    The Receivership Property is property of the Receivership Estates, and this Court has the jurisdiction and power to approve the Plan of Final Distribution and the compromises, releases and injunction contained therein.

I.    The Receiver has due and proper authority to enter into the Plan of Final Distribution and perform all of the obligations thereunder. No consents or approvals, other than this Approval Order, are required for the Receiver to perform all of their obligations thereunder,

3

including the sale and transfer of the Loveladies Property or any other Receivership Property. The consummation of the Plan of Final Distribution by the Receiver does not conflict, contravene, or cause a breach, default or violation of any law, rule, regulation, contractual obligation or organizational or formation document.

        J.      The compromises contained in the Plan of Final Distribution are a valid and proper exercise of the reasonable business judgment of the Receiver. The Bar Date imposed by the Court's June 24, 2008 Order and Section III of the Plan of Final Distribution, and the injunction and releases to be made pursuant to Section VII of the Plan of Final Distribution, are appropriate and should be approved. The Plan of Final Distribution would not be possible without the benefit of the Bar Date and the releases in the Plan of Final Distribution, and the injunction contained in the Plan of Final Distribution and in this Approval Order.

        K.      The Plan of Final Distribution results in substantial benefits to the Receivership Entities, Receivership Estate and holders of claims, including the Princeton Noteholders, by (i) avoiding complex litigation; and (ii) implementing a process for distributing Receivership Property for the benefit of the estate and holders of claims. The Plan of Final Distribution is fair and equitable with respect to the Receivership Entities and their shareholders and the persons who have asserted, and who might subsequently assert, claims, including the Princeton Noteholders.

        L.      Considering all of the factors before the Court, as discussed in the Motion, the provisions and conditions of the Plan of Final Distribution are in the best interests of the Receivership Entities, their estates, their creditors, holders of claims and all other parties in interest. The Receiver has demonstrated good, sufficient and sound business purposes, causes

4

and justifications for the relief requested in the Motion and the approval of the transactions
contemplated thereby.

        M.     The Court further fully adopts and makes each of the findings as set out in
Section 6.1(a)(i) through (xii) of the Plan of Final Distribution.

        N.     This Approval Order is "final" within the meaning of 28 U.S.C.
§ 158(a)(1).

     NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED
THAT:

        1.     The Motion shall be and is hereby GRANTED in all respects, and the Plan of
Final Distribution is hereby approved in all respects. For the reasons set forth herein and on the
record at the hearing on the Motion, all objections and proofs of claim that have not been
withdrawn, resolved, waived or settled are hereby overruled on the merits and all reservations of
rights included therein, are overruled on the merits.

        2.     The failure specifically to include or reference any particular term or provision of
the Plan of Final Distribution in this Approval Order shall not diminish or impair the
effectiveness of such term and provision, it being the intent of the Court that the Plan of Final
Distribution be authorized and approved in its entirety.

        3.     The terms and provisions of the Plan of Final Distribution, together with the terms
and provisions of this Approval Order, shall be binding in all respects upon all persons or
entities, and the persons or entities who have asserted, and who might subsequently assert,
claims or demands, against the Receivership Entities, Receivership Estates, Receiver Property
and/or the Receiver, his agents, attorneys, accountants, consultants and employees, including,
without limitation, O'Melveny & Myers LLP and PricewaterhouseCoopers LLP, other creditors,

5

shareholders of any of the Receivership Entities, and all interested parties, administrative
agencies, governmental units, federal, state and local officials maintaining any authority with
respect to the Receivership Property, and their respective successors and assigns.

4.     The notice of the Bar Date described above constitutes due, sufficient and timely
notice to all persons entitled thereto. No other or further notice of the Bar Date is or shall be
required. This Court hereby further finds that notice to an attorney for the holder of a claim
constitutes notice to such holder for purposes of notice of the Bar Date.

5.     The Bar Date set by order of this Court dated for twenty (20) days before the
originally scheduled September 3, 2008 hearing was fair and reasonable.

6.     The Bar Date required proofs of claim by persons or entities with a claim or
interest to have been filed with this Court, with a copy of such proof of claim simultaneously
served upon counsel for the Receiver, David Marden, Esq., O'Melveny & Myers LLP, Times
Square Tower, 7 Times Square, New York, New York 10036.

7.     Proofs of claim not filed with the Court prior to the Bar Date are deemed not
timely filed.

8.     Any proofs of claim filed hereinafter will be deemed not timely filed.

9.     All persons or entities with a claim that failed to file a proof of claim prior to the
Bar Date and were not excused from filing a proof of claim under the Plan are forever barred,
estopped, and permanently enjoined from (a) asserting a claim, whether directly or indirectly,
against any of the Receivership Entities, Receivership Estates, Receivership Property or the
Receiver, his agents, attorneys, accountants, consultants and employees, including, without
limitation, O'Melveny & Myers LLP and PricewaterhouseCoopers LLP; (b) participating in any
distribution in this case pursuant to the Plan or otherwise; and (c) receiving any further notices

6

regarding any such claim, and further enjoined as specified in Section 7.1 of the Plan. All claims against the Receiver, his agents, attorneys, accountants, consultants and employees, including, without limitation, O'Melveny & Myers LLP and PricewaterhouseCoopers LLP, that arise from any act, omission, transaction, agreement, event or other occurrence prior to the Bar Date that relate to the Receivership, including the business, operations and management of the Receivership Entities, or to their conduct as professionals or advisors to any of the Receivership Entities, are thus forever barred, estopped, and permanently enjoined.

10.     Yakult Honsha Company, Ltd. ("Yakult") and HSBC USA have reached an agreement on how to implement their prior settlement, under which Yakult assigned to HSBC USA rights with respect to the Princeton Liquidators, as applied to the amount advanced by the Receiver to the Princeton Liquidators under the Court's April 25, 2000 Order. The Court's April 25, 2000 Order shall be deemed satisfied by this assignment and the corresponding reduction of the amount set forth for Yakult in Column 6 of the Schedule attached as Exhibit 3 to the Plan. Thus, Column 6 of Exhibit 3 for Yakult shall be reduced by the amount that the Receiver advanced to the Princeton Liquidators under the Court's April 25, 2000 Order.

11.     The Stipulation of Settlement dated September 16, 2008, by and between the Receiver, Proskauer Rose LLP and Armstrong is hereby approved.

12.     The Receiver is hereby authorized, empowered and directed to take all necessary and appropriate acts to carry out and implement the Plan of Final Distribution in accordance with its terms without further order of the Court. To the maximum extent permitted by applicable law, the Receiver, his agents, attorneys, accountants, consultants and employees, including, without limitation, O'Melveny & Myers LLP and PricewaterhouseCoopers LLP, shall be held harmless and released from any damages or liability that may arise through the discharge of their

7

duties under the Plan of Final Distribution.

13. The Plan of Final Distribution and this Approval Order constitute valid and binding obligations of the Receivership Entities and the Receivership Estates, which shall be enforceable in accordance with the terms thereof, and shall be binding on the Receivership Entities and the Receivership Estates, and any and all successors to and assigns of the Receivership Entities, and all present and future holders of claims against the Receivership Entities, Receivership Estates or Receivership Property, and all other parties in interest, as set forth in the Plan of Final Distribution.

14. The injunction and releases contained in Section 7 of the Plan of Final Distribution are hereby approved in all respects and shall be effective in accordance with the terms of the Plan of Final Distribution. All Claims released pursuant to the Plan of Final Distribution shall be deemed dismissed and forever released as of the date of the entry of this Approval Order.

15. The Receiver is further authorized to consummate the provisions of the Plan of Final Distribution that concern the sale, transfer and conveyance of the Loveladies Property and all other property of the Corporate Defendants as the Receiver deems appropriate in his discretion and judgment, free and clear of any interests, in accordance with the terms and subject only to the conditions specified herein and in the Plan of Final Distribution. The sale, transfer and conveyance of these rights and interests shall constitute a legal, valid and effective transfer free and clear of all claims, liens, encumbrances and interests of any kind or nature whatsoever.

16. The transactions contemplated by the Plan of Final Distribution, including, without limitation, the sale of the Loveladies Property and all other property of the Corporate Defendants as the Receiver deems appropriate in his discretion and judgment, free and clear of

all Interests, are undertaken by the Receiver in good faith.

17.     This Court shall retain jurisdiction over these cases to enforce this Approval Order and for all other purposes including, but not limited to, those described in Section 7 of the Plan of Final Distribution. Such jurisdiction shall be retained even if a Plan of Final Distribution is approved and/or the case is closed, and the case may be reopened for such purpose.

18.     The Plan of Final Distribution shall govern and control in the event of any conflict or inconsistency between the Plan of Final Distribution and the Approval Order or any other order of any type entered in (i) these cases, (ii) any subsequent bankruptcy case, or (iii) any related proceeding subsequent to entry of this Approval Order. The provisions of this Approval Order are non-severable and mutually dependent.

19.     This Approval Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

[The remainder of page is intentionally left blank]

IT IS SO ORDERED this 29th day of September, 2008.

P. KEVIN CASTEL, JUDGE
UNITED STATES DISTRICT COURT

Prepared and submitted by:

Tancred V. Schiavoni, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036

*Attorneys for Receiver, Alan Cohen,
for Defendants Princeton Economics
International Ltd., Princeton Global
Management Ltd. and their subsidiaries
and affiliates appointed by Order of the
District Court for the Southern District
of New York, dated September 13, 1999*