TANCRED SCHIAVONI
*Temporary Receiver for Defendants*
*Princeton Economics International, Ltd.,*
*Princeton Global Management, Ltd.,*
*and their affiliates and subsidiaries*

– and –

O'MELVENY & MYERS LLP
Tancred V. Schiavoni, Esq.
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
*Counsel for the Receiver*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>    -against-<br><br>PRINCETON ECONOMICS INTERNATIONAL, LTD., PRINCETON GLOBAL MANAGEMENT, LTD., and MARTIN A. ARMSTRONG,<br><br>               Defendants. | 99 Civ. 9667 (PKC) |
| COMMODITY FUTURES TRADING COMMISSION,<br><br>               Plaintiff,<br><br>    -against-<br><br>PRINCETON ECONOMICS INTERNATIONAL, LTD., PRINCETON GLOBAL MANAGEMENT, LTD., and MARTIN A. ARMSTRONG,<br><br>               Defendants. | 99 Civ. 9669 (PKC) |

**[PROPOSED] ORDER GRANTING FINAL APPLICATION BY TANCRED SCHIAVONI, AS TEMPORARY RECEIVER, GIVING NOTICE OF SUPPLEMENTAL DISTRIBUTION TO NOTEHOLDER UNDER CLOSURE ORDER AND FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO O'MELVENY & MYERS LLP, AS COUNSEL TO THE TEMPORARY RECEIVER**

Upon consideration of the Application dated October 28, 2022, by Tancred Schiavoni, the court-appointed Temporary Receiver for the Receivership Estate, for entry of an order (a) authorizing the Temporary Receiver to make a supplemental distribution to Yakult, (b) allowing compensation and reimbursement of expenses to O'Melveny & Myers LLP, as counsel to the Receiver, and (c) acknowledging the Court's receipt of written confirmation from the Receiver of the completion of the case closure activities, and discharging the Receiver from his duties and responsibilities; and due notice of the Application having been provided to counsel for the Commission and all other parties requesting notice in the Receivership Proceeding; and it appearing that no other or further notice need be given or is required; and the Court having jurisdiction over the Receivership Proceeding pursuant to (i) Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), (ii) Sections 2l(e) and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 77u(e) and 78aa, (iii) Section 214 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-14, and (iv) Section 6(c) of the Commodity Exchange Act; and venue being proper; and upon the full record of the Receivership Proceeding before the Court; and due consideration having been given to the Application and sufficient cause having been shown therefore; and the Court having determined that the Temporary Receiver has completed his duties and responsibilities as temporary receiver in accordance with the Order appointing him Temporary Receiver; and after due deliberation and sufficient cause appearing therefore; it is hereby

**ORDERED**, that the Motion is GRANTED; and it is further

**ORDERED**, that the Receiver may make a supplemental distribution to Yakult in an amount of approximately $2,710,954 under the priority scheme adopted by the Plan of Final Distribution; and

**IT IS FURTHER ORDERED** that the Application by O'Melveny & Myers LLP, as counsel to the Receiver, for allowance of compensation and reimbursement of expenses is hereby granted and approved, and the Receiver is hereby authorized to disburse to O'Melveny & Myers LLP, $1,100,861 in fees and $36,577 in expenses.

**IT IS FURTHER ORDERED** that the Receiver has completed the case closure activities in satisfaction of the Closure Order dated October 6, 2017, and Mr. Schiavoni, having faithfully fulfilled his duties, is hereby discharged from all his duties and responsibilities as Temporary Receiver, his role and responsibilities as Temporary Receiver are terminated.

**IT IS FURTHER ORDERED THAT** this Court shall retain jurisdiction over these cases to enforce this Order, this Court's Order dated July 15, 2019 and for all other purposes and that such jurisdiction shall be retained and Orders remain viable even if the case is closed, and the case may be reopened for such purpose. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

**SO ORDERED,** this 3rd day of January, 2023, at New York, New York.

_____
UNITED STATES DISTRICT JUDGE

*The Court expresses its sincere thanks to Tancred Schiavone and his colleagues for the faithful, competent and complete execution of his duties as Receiver.*

2